UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGEL ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02224-TWP-TAB |
| | ) | |
| THE LILLY EXTENDED DISABILITY PLAN, | ) | |
| ELI LILLY AND COMPANY LIFE | ) | |
| INSURANCE AND DEATH BENEFIT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.      Introduction**

Plaintiff Angel Allen moves to compel Defendants Lilly Extended Disability Plan (the

"EDL Plan") and Eli Lilly and Company Life Insurance and Death Benefit Plan (the "Life Plan")

to comply with her discovery requests.  Defendants oppose the discovery, arguing that Allen is

not entitled to any discovery in this ERISA matter.

The heart of this dispute is what showing, if any, Allen must make to be entitled to

discovery.  The parties dispute the standard of review (which as discussed below determines

whether there are additional limitations on discovery), the test for discovery, and whether Allen

met that test.  In the end, Allen fails to show she is entitled to discovery, and the Court denies her

motion to compel.  [Filing No. 44.]  Still, the Court orders Defendants to confirm that the

administrative record is complete by submitting an affidavit or declaration from an appropriate

officer or employee within 14 days.

**II.      Background**

Allen's motion to compel presents five issues: 1) whether Allen waived discovery or

Defendants waived their objections, 2) what is the standard of review and whether the Court

needs to decide it, 3) what showing is necessary for conflicts discovery, and whether Allen made the required showing, 4) whether Allen is entitled to other discovery, and 5) whether the Court should award fees and costs to either party.

Allen was employed by Eli Lilly and participated in its employee welfare benefit plans, which Defendants administer. The EDL Plan provides monthly income benefits to employees who cannot work due to illness or disability. Allen received benefits from the EDL Plan for eight years based on disability. However, in 2015 the EDL Plan's administrator, the Employee Benefits Committee, terminated her benefits. Allen appealed this decision, but the EBC also denied her appeal.

### III. Discussion

#### a. Neither Allen nor Defendants Waived

The parties appeared for a telephonic status conference to discuss the Case Management Plan. At this conference, the parties disputed whether discovery is appropriate in this matter. Following the conference, the Court issued a preliminary finding: "The Court finds no basis for discovery, though [Allen] may serve discovery and file a motion to compel if [Allen] truly believes discovery is permitted. [Allen] should carefully consider binding precedent limiting discovery in these cases." [Filing No. 39, at ECF p. 1.]

The Court later held another telephonic conference on the issue of discovery. In this conference, Allen did not persuade the Court that she is entitled to discovery. However, the Court again extended permission for Allen to file a motion to compel, setting an October 24, 2017, deadline. [Filing No. 43, at ECF p. 1.] Allen has exercised her right as provided in the Court's orders to serve discovery and file a motion to compel.

In their response to Allen's motion, Defendants ask the Court to deny Allen's discovery requests as untimely and find that she waived discovery. Defendants argue that Allen missed the

discovery deadline from the CMP and that Allen fails to show good cause for the delay. However, the plain language of this Court's orders permitted Allen to serve discovery and file a motion to compel. [Filing No. 39, at ECF p. 1; Filing No. 43, at ECF p. 1.] Thus, the Court denies Defendants' waiver arguments.

The Court similarly denies Allen's request that the Court find Defendants waived all objections to discovery by not properly responding to her requests. When Allen served her discovery, Defendants merely responded by asserting that they will not comply and cited case law in support of their position that Allen is not entitled to discovery. As the above-quoted order makes clear, the Court initially doubted whether discovery was appropriate in this matter, but permitted Allen to serve discovery and file a motion to compel. The second order does not even mention service of discovery and only contemplates a motion to compel. [Filing No. 43, at ECF p. 1.] Given these indications that the Court was not inclined to permit discovery, Defendants' response was sufficient. Under the circumstances, sanctioning the Defendants by finding their arguments waived is not appropriate.

### b. Standard of Review

Allen moves to compel discovery into several issues. Defendants oppose, claiming that Allen is not entitled to discovery in this ERISA matter. Defendants argue that the applicable standard of review is arbitrary and capricious. Defendants contend that to be entitled to any discovery under arbitrary and capricious review, Allen must meet the additional burden of showing exceptional circumstances warranting discovery.

"The scope of discovery in an ERISA denial of benefits case turns on the standard of review applicable to the [plan administrator's] decision." *Boxell v. Plan for Group Ins. Of Verizon Commc'ns., Inc.*, 1:13-cv-89, 2013 WL 5230240, at *4 (N.D. Ind. Sept. 16, 2013) (alteration in original) (internal quotations omitted). In ERISA cases, the standard of review is

either de novo or arbitrary and capricious. *See Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010). In her reply, Allen argues that the Court need not determine the standard of review for the purposes of this motion and that doing so would be premature. However, that would leave the Court in a conundrum. Allen would likely be entitled to discovery under de novo review. But, as discussed below, Allen would be required to make an additional showing under the arbitrary and capricious standard. Thus, to determine what showing, if any, Allen must make, the Court must decide, for the limited purpose of this motion, the appropriate standard of review.[1]

To determine the standard of review the Court looks to the plan's language. *Ponsetti*, 614 F.3d at 691. The default standard of review of the administrator's determination is de novo. *Id.* However, when "the [p]lan documents unambiguously vest the [p]lan with decision[-]making discretion, we review the denial of benefits under the arbitrary-and-capricious standard." *Burns v Orthotek, Inc. Employees' Pension Plan & Trust*, 657 F.3d 571, 574 (7th Cir. 2011). Defendants have the burden to show that the EDL Plan grants the Employee Benefits Committee discretionary authority "to determine eligibility for benefits or to construe the terms of the plan." *Sperandeo v. Lorillard Tobacco Co., Inc.*, 460 F.3d 866, 870 (7th Cir. 2006) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).

Defendants point to language from the EDL Plan that delegates discretionary authority to the EBC both to construe the terms and to determine benefits. The EDL Plan calls for Eli Lilly and Company's board of directors to create the EBC, and the EDL Plan vests the EBC with several powers and duties. [Filing No. 24-1, at ECF pp. 6, 10–11.] Under § 4.03, the EBC can

---

[1] The Court does not decide the standard of review for the purpose of resolving the underlying claim.

make and enforce rules regarding administration of the EDL Plan, interpret the instrument (including remedying ambiguities, inconsistencies or omissions), and authorize payments. [*Id.* at ECF p. 10.] Section 6.03(a) of the EDL Plan says that the EBC "shall have the discretion to construe the terms of the Plan and to determine whether an [e]mployee has incurred a [d]isability." [*Id.* at ECF p. 49.] The EDL Plan continues in § 6.03(b):

> The [EBC] shall have the discretion to make any finding of fact necessary for the determination of any benefit payable under the [EDL Plan]. The [EBC] may review its prior determination from time to time to ascertain whether there has been any change in the facts or conditions on which the determination was based.

[*Id.* at ECF pp. 49–50.] And § 8.02(b) says the EBC "shall, in its sole discretion, approve or deny any claim for benefits with respect to [u]ninsured [c]overage under the [EDL Plan]." [*Id.* at ECF p. 103.]

For the purpose of Allen's motion to compel, the Court sees no ambiguity in this language that would undermine Defendants' argument that the standard of review is arbitrary and capricious. The EDL Plan language shows that Eli Lilly and Company's board of directors delegated authority to the EBC to both determine eligibility and construe the terms of the EDL Plan. While Allen disagrees that the cited language is sufficient, she does not offer conflicting language or point to any ambiguity that suggests the language fails to delegate. [Filing No. 46, at ECF p. 2.]

Rather, Allen argues that Defendants must also show that a "properly delegated entity exercised [the] grant of discretion," if there was any. [*Id.*] Allen's argument is based on *Gavin v. Life Ins. Co.*, No. 12 C 6178, 2013 WL 677886 (Feb. 25, 2013). But *Gavin* is distinguishable. There, the plan authorized a committee to delegate discretionary authority to the administrator by executing an agreement with the administrator. *Id.* at *4. However, the defendant did not show that it ever entered into an agreement to actually delegate discretionary authority. *Id.* As it

stood, the defendant merely *could* have delegated, but the defendant did not show that it *did* delegate. *Id.* Allen fails to point to language from the EDL Plan that would require this additional step, nor is the Court is not aware of any such language.

Therefore, the arbitrary and capricious standard of review applies to Allen's motion to compel. Thus, the Court analyzes Allen's discovery requests under the additional limitations that come with this deferential standard of review.

### c. Discovery into Conflicts of Interest

Both Allen and Defendants rely largely on nuance in the connections among *Semien v. Life Ins. Co. of N. Am., 436 F.3d 805 (7th Cir. 2006)*, *Met. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008), and Dennison v. MONY Life Ret. Income Sec. Plan, 710 F.3d 741 (7th Cir. 2013)*. In *Semien*, the Seventh Circuit held that ERISA plaintiffs are only entitled to discovery under the arbitrary and capricious standard in "exceptional circumstances," and plaintiffs must show 1) "a specific conflict of interest or instance of misconduct," and 2) that "there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Semien*, 436 F.3d at 815. Allen argues *Glenn* abrogated *Semien* and that *Dennison* calls for courts to use their discretion in determining whether to permit discovery. Defendants argue that *Dennison* affirmed *Semien* as merely softened by *Glenn*.

However, the Seventh Circuit plainly set out the rule for conflicts discovery under arbitrary and capricious review in *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 364–65 (7th Cir. 2017):

> In *Semien*, this Court held "that discovery in a case challenging the benefits determination of plan administrators is permissible only in 'exceptional' circumstances ... in which the claimant can 'identify a specific conflict of interest or instance of misconduct' and 'make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect.' " *Dennison v. MONY Life Ret. Income Sec. Plan for Emps.*, 710 F.3d 741, 746 (7th Cir. 2013) (quoting *Semien*, 436 F.3d at 815). However, following the Supreme

Court's decision in *Glenn*, we recognized "a softening, but not a rejection, of the standard announced in *Semien*." *Dennison*, 710 F.3d at 747. "[C]onflicts are but one factor among many that a reviewing judge must take into account." *Glenn*, 554 U.S. at 116, 128 S.Ct. 2343. "It is thus not the existence of a conflict of interest—which is a given in almost all ERISA cases—but the *gravity* of the conflict, as inferred from the circumstances, that is critical." *Marrs v. Motorola, Inc.*, 577 F.3d 783, 789 (7th Cir. 2009). Conflicts "carry less weight when the insurer took active steps to reduce potential bias and to promote accuracy." *Raybourne v. Cigna Life Ins. Co. of New York*, 700 F.3d 1076, 1082 (7th Cir. 2012).

(Emphasis and alterations in original).

Allen does not meet the standard. Defendants reduced the "weight" of any conflict of interest by utilizing an independent medical evaluation. [Filing No. 29-5, at ECF pp. 1–10.] Further, Allen's "evidence" provides little weight to her argument. In short, Allen asserts the EBC erred in three ways,[2] and these errors together show that Defendants must have let their concerns about payments override their concerns about fair administration. This argument would require the Court to decide if some of the EBC's findings or methods were erroneous, which would turn arbitrary and capricious review into a de novo reconsideration of Allen's claimed disability. And even if the EBC did err, Allen's only suggestion that the errors were the result of a conflict of interest is that Defendants paid Allen disability benefits for eight years before terminating them, allegedly without any showing of improvement. Allen fails to satisfy *Semien* as softened by *Glenn*.

Allen argues that *Dennison* permits the Court to exercise its discretion to allow discovery even if the softened *Semien* requirements are not met. However, the plaintiff must show

---

[2] Allen alleges: 1) Defendants reduced her benefits by the amount of Social Security benefits she received, 2) Defendants relied on a record review rather than having a new physical medical exam, and 3) Allen's appeal denial noted Allen's "treating provider did not provide certification of [her] disability," even though Allen's treaters provided a letter instead of completing the form. [Filing No. 44, at ECF p. 10.]

discovery is necessary before the Court can use is discretion to set the boundaries. "[W]hen some discovery is necessary . . ., trial courts retain broad discretion to limit and manage discovery under Rule 26 of the civil rules." *Dennison*, 710 F.3d at 747. Allen has not shown discovery is necessary, so the Court's discretion to manage discovery is not triggered.

Allen next argues that a structural conflict of interest alone is sufficient to trigger discovery. [Filing No. 44, at ECF p. 10 (citing *Glenn*, 554 U.S. at 116–17).] Though this may have been the case before *Dennison*, *see*, *e.g.*, *Fischer v. Life Ins. Co. of N. Am.*, No. 1:08-cv-0396-WTL-TAB, 2009 WL 734705, at *4 (S.D. Ind. Mar. 19, 2009), courts since *Dennison* require plaintiffs to additionally show that "something besides the administrative record is necessary to assess the effect of structural conflicts of interest on benefits claims." *Fassenden v. Reliance Standard Life Ins. Co.*, 3:15-cv-370-WCL-CAN, 2016 WL 7239917, at *4 (N.D. Ind. Dec. 15, 2016); *see also Geiger*, 845 F.3d at 364–65 (recognizing that the "plan administrator [had] both discretionary authority to determine eligibility for benefits and the obligation to pay benefits when due" before applying the *Semien* test); *Schrock v. Aetna Life Ins. Co.*, 15 C 10582, 2016 WL 3693428, at *4 (N.D. Ill. July 12, 2016) (finding cases that predate *Dennison* and suggest a structural conflict is sufficient for discovery are unpersuasive). Allen fails to make this additional showing.

In all, Allen has not shown that she is entitled to discovery into whether a potential conflict of interest improperly influenced Defendants' decision to terminate her benefits.

### d. Other Discovery

Allen seeks discovery into four additional areas, arguing that these topics do not require a special showing, and that either federal civil procedure rules or ERISA regulations require production. Allen seeks discovery into 1) Defendants' affirmative defenses, 2) the standard of review, 3) administrative policies and procedures, and 4) the completeness of the administrative

record.  Defendants respond that *Semien*'s special showing requirements do apply to these areas as well.

Allen argues that Rule 26(b)(1) permits discovery into the Defendants' 14 affirmative defenses.  Her argument is unpersuasive.  The cases she cites do not suggest that she is entitled to discovery into affirmative defenses despite discovery being limited under the arbitrary and capricious standard of review.  Two of the cases she cites are not ERISA cases and merely discuss the principle that plaintiffs are entitled to discovery into affirmative defenses. *Wehrheim v. James M. Secrest, P.C.*, No. IP 00-1328-C-T/K, 2002 WL 31427515, at \*1 (S.D. Ind. Oct. 9, 2002); *United States EEOC v. Sedita*, 87 C 2790, 1988 WL 23794, at \*1 (N.D. Ill. Mar. 4, 1988). The third case is an ERISA matter, but that court found the plaintiff was entitled to discovery under the Sixth Circuit's test, which allows discovery into "permitted areas of inquiry" when there is an inherent conflict of interest.  *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 515 (W.D. Ky 2010).  The case does not imply the plaintiff would have been entitled to discovery had he not met the test.  *See id.*  In short, Allen's cases are not persuasive.  Therefore, the Court denies Allen's motion regarding Defendants' affirmative defenses.

Similarly, Allen is not entitled to discovery into the standard of review.  Allen argues that, because Defendants list the deferential standard of review as an affirmative defense, she is entitled to discovery into the basis for their argument that the standard of review is arbitrary and capricious.  However, as discussed above, the standard of review is determined by the EDL Plan's language alone.  Given that Allen possesses the EDL Plan [Filing No. 24-1], there is no need for additional discovery simply because Defendants included this standard as an affirmative defense.

Allen's third and fourth contentions are that she is entitled to discovery regarding Defendants' policies and procedures as well as to the completeness of the administrative record. Allen argues that Defendants must provide her "with all 'documents, records, and other information relevant to [her] claim for benefits.'"  [Filing No. 44, at ECF p. 13 (alteration in original) (citing 29 C.F.R. § 2560.503-1(h) (2001)).]  Allen further argues she should not have to take Defendants' word that the administrative record is complete.  Defendants respond that "Allen's 'mere speculation' that [Defendants] did not provide her with the complete administrative record and relied on procedures or policies outside of the [EDL and Life Plans] 'fall[s] short of showing that relevant material is missing from the administrative record.'"[3] [Filing No. 45, at ECF p. 11 (quoting *Boxell v. Plan for Group Ins. Of Verizon Commc'ns, Inc.*, 1:13-CV-89, 2013 WL 5230240, at *5–6 (N.D. Ind. Sept. 16, 2013)).]

Allen is not entitled to discovery into Defendants' policies and procedures or the completeness of the administrative record.  In *Boxell*, the court denied such discovery, holding that "we assume that all written materials germane to the interpretation of the . . . [p]lan were contained in the administrative record."  2013 WL 5230240, at *6.  The cases Allen cites in support of her position do not imply Allen is entitled to such discovery.  These cases—*Hughes v. CUNA Mut. Group*, 257 F.R.D. 176, 180 (S.D. Ind. 2009), and *Fischer v. Life Ins. Co. of N. Am.*, No. 1:08-cv-0396-WTL-TAB, 2009 WL 734705, at *5 (Mar. 19, 2009)—permitted the requested discovery after ruling that *Semien* did not apply and the respective plaintiffs were entitled some discovery.  Allen has not shown discovery is necessary, so these cases provide no salvation for Allen's discovery quest.

---

[3] Allen argues that Defendants waived any objection to discovery into administrative policies and procedures by failing to respond with a substantive argument.  The preceding quote shows this argument is without merit, and it is rejected.

Still, Allen's efforts are not wholly unrequited. Allen is entitled to an affidavit or declaration from Defendants, "signed by an appropriate employee or officer of its administrator, attesting under oath that the [administrative record] contained 'all of the documents, records, and other information 'relevant' to her claim for benefits, as such term is defined in 29 C.F.R. § 2560.503-1(m)(8).'" *Boxell*, 2013 WL 5230240, at *6. Defendants shall file an affidavit or declaration from an officer or employee with sufficient knowledge to affirm that the administrative record includes all "[d]ocuments, records, recordings, and other information relevant to [Allen's] claim or appeal for benefits." [Filing No. 44-2, at ECF p. 3 (request for production No. 3)]. If Defendants cannot at present make such affirmation, they shall supplement the administrative record with relevant information as defined by 29 C.F.R. § 2560.503-1(m)(8). *See Miller*, 584 F. Supp. 2d at 1113. Defendants shall have 14 days from the date of this order to file an appropriate response.

### e. Fees and Costs

Both Allen and Defendants rely on Fed. R. Civ. P. 37 to argue that they are entitled to fees and costs in connection with this motion. Regarding a motion to compel, Rule 37 allows the victor to recover their reasonable expenses incurred in making or opposing the motion. Fed. R. Civ. P. 37(a)(5)(A)–(B). The Court denies Allen's motion to compel, so it likewise denies her request for fees and costs.

As the victors, Defendants are presumptively entitled to their costs. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). However, Allen can rebut this presumption by showing that her motion is substantially justified, i.e. it "posited a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117-WTL, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014).

Allen showed that reasonable people could differ regarding the appropriateness of discovery in this action. *Glenn* created confusion in the Seventh Circuit regarding whether *Semien* was still applicable, and prior to *Dennison*, the Southern District of Indiana largely came down on the side that *Glenn* more or less abrogated *Semien*. *Fischer v. Life Ins. Co. of N. Am.*, No. 1:08-cv-0396-WTL-TAB, 2009 WL 734705, at *2–3 (Mar. 19, 2009) (collecting cases). *Dennison* itself is not entirely clear, and Allen made several reasonable but unsuccessful arguments that *Semien* did not apply or that she satisfied her burden for discovery. Further, though the Court does not grant Allen's motion to compel, Allen did convince the Court that she is entitled to some assurance that the administrative record is complete.

While the Court initially found that Allen was not entitled to discovery, it expressly permitted Allen to file a motion to compel if she "truly believes discovery is permitted" while noting that she "should carefully consider binding precedent limiting discovery in these cases." [Filing No. 39, at ECF p. 1.] Based on her motion, the Court concludes that Allen did carefully consider binding precedent, but nonetheless failed to convince the Court she is entitled to discovery. An award of fees and costs is not appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Allen's motion to compel. However, Defendants have 14 days to either confirm that the administrative record is complete via affidavit or declaration or to supplement the record so it contains all relevant information as defined by 29 C.F.R. § 2560.503-1(m)(8).

Date: 02/02/2018

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.