UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-02224-TWP-TAB |
| ) | |
| THE LILLY EXTENDED DISABILITY PLAN, ) | |
| and ELI LILLY AND COMPANY LIFE ) | |
| INSURANCE AND DEATH BENEFIT PLAN, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON PLAINTIFF'S OBJECTIONS
## TO MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL

This matter is before the Court on Plaintiff Angel Allen's ("Allen") Objections to the Magistrate Judge's Opinion and Order (Dkt 47). ([Filing No. 48](#).) Allen filed a motion to compel Defendants Lilly Extended Disability Plan (the "EDL Plan") and Eli Lilly and Company Life Insurance and Death Benefit Plan (collectively, "Lilly"), to comply with her discovery requests. Lilly opposed the discovery request arguing that Allen is not entitled to discovery in this ERISA matter. The Magistrate Judge agreed with Lilly and Allen appealed. For the reasons stated below, the Court **denies** Allen's appeal of the Magistrate Judge's decision.

### I. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections

and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## II.   BACKGROUND

Allen, a former employee of Eli Lilly and Company, was forced to stop working based on a medical condition, thereafter, she received benefits from the EDL Plan for eight years based on her disability. ([Filing No. 47 at 2](#)). In 2015, Lilly terminated Allen's disability benefits and Allen instituted this lawsuit appealing the denial of her claim for long-term disability benefits from Lilly's ERISA-governed benefit plans. ([Filing No. 1](#).) The instant discovery dispute ensued over the parties' disagreement on whether Allen is entitled to discovery. The parties dispute the standard of review, the test for discovery, and whether Allen met that test. ([Filing No. 47 at 1](#).) If Allen's claim is confined to the administrative record, then Allen is not entitled to any discovery.

On August 2, 2017, the parties appeared for a telephonic status conference to discuss the Case Management Plan. At this conference, the parties disputed whether discovery is appropriate in this matter. Following the conference, the Court issued a preliminary finding: "The Court finds no basis for discovery, though [Allen] may serve discovery and file a motion to compel…". ([Filing No. 39](#).) On August 10, 2017, Allen served written discovery requests, and Lilly informed Allen that it would not be responding and cited case law in support of their position that she was not entitled to discovery ([Filing No. 48 at 2](#)). Allen made several additional requests that Lilly respond to her requests and on each occasion Lilly replied that it would not respond. Ultimately, Magistrate

Judge Tim A. Baker (the "Magistrate Judge") held a discovery conference, after which, the Magistrate Judge permitted Allen to file a motion to compel. (Filing No. 48 at 3.) On October 24, 2017, Allen filed a Motion to Compel (Filing No. 44).

Allen contends that Lilly waived all discovery objections as Lilly did not comply with the specific requirements and procedures in making objections under Federal Rule of Civil Procedure 33(b)(4) when Lilly's counsel provided an email to Allen stating that they "do not plan to respond to your requests." (Filing No. 48 at 4.) Following the telephonic status conference, in which the parties disputed whether discovery is appropriate in this matter, the Magistrate Judge issued a preliminary finding:

"The Court finds no basis for discovery, though [Allen] may serve discovery and file a motion to compel if [Allen] truly believes discovery is permitted. [Allen] should carefully consider binding precedent limiting discovery in these cases." (Filing No. 39 at 1.) On February 2, 2018, the Magistrate Judge denied Allen's Motion to Compel. (Filing No. 47 at 12.) On February 7, 2018, Allen filed an appeal of the Magistrate Judge's decision to this Court. (Filing No. 48).

### III. DISCUSSION

**A.     The Magistrate Judge's Order**

The Magistrate Judge denied Allen's Motion to Compel finding she is not entitled to discovery because she has not overcome the arbitrary and capricious standard of review in ERISA cases in showing exceptional circumstances warranting discovery. (Filing No. 47 at 3-4.) The Order explains that the EDL Plan delegates discretionary authority to the Employee Benefits Committee (the "Committee") to construe the terms and to determine benefits, which heightens the standard of review from the default *de novo* to arbitrary and capricious. *Id.* at 4. In a detailed analysis discussing recently developed Seventh Circuit case law in the ERISA context following

3

the Supreme Court's decision in *Met. Life Ins. Co. v. Glenn,* 554 U.S. 105 (2008), *id.* at 6, the Order notes that Allen's specific discovery requests fail to meet this standard of review. *See Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805 (7th Cir. 2006); *Dennison v. MONY Life Ret. Income Sec. Plan,* 710 F.3d 741 (7th Cir. 2013); *Geiger v. Aetna Life Ins. Co.,* 845 F.3d 357 (7th Cir. 2017).

**B.** **Allen's Objections**

Allen first objects to the Magistrate Judge's finding that Lilly did not waive its discovery objections. The Magistrate Judge held that sanctioning Lilly for timely providing substantive objections to Allen's requests through email, rather than in a formal Word document, was "not appropriate" because of multiple "indications that the Court was not inclined to permit discovery" here. (Filing No. 47 at 3.) Allen explains that the Federal Rules provide specific requirements and procedures for how a party must object to written discovery requests and that Lilly did not comply with any of the obligations under Fed.R.Civ.P.33(b)(4). (Filing No. 48 at 3-4.) Lilly responds that the Magistrate Judge's decision to not sanction Lilly for providing its objection to Allen's discovery request through an email, rather than in a formal Word document was not clearly erroneous. (Filing No. 51 at 3-4.) The Court agrees. District courts have broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Lilly's belief that an email response to Allen was reasonable, considering that the Court had preliminarily instructed that Allen would not be entitled to discovery in this case. (Filing No. 44-4 at 3). The Magistrate Judge extended a courtesy to Allen to nevertheless file a motion to compel despite his preliminary finding. The Court finds no error in the Magistrate Judge's ruling on this basis.

For purposes of Allen's substantive discovery requests, the Magistrate Judge correctly relied on the arbitrary and capricious standard of review. "'Absent special circumstances such as fraud or bad faith,' ERISA plans that vest the administrator with discretionary authority to construe the plan's terms or determine benefit eligibility are reviewed under the arbitrary and capricious standard." *Geiger,* 845 F.3d at 362 (quoting *Semien,* 436 F.3d at 812). Here, as the Magistrate Judge found, the EDL Plan documents vest the Committee with discretionary authority to construe terms and determine benefits.[1] There are several sections of the EDL Plan documents that speak to the Committee's discretionary authority. (Filing No. 24-1.) The dispositive section, as to this case, is Section 6.03 Approval of Claims—"The Employee Benefits Committee shall have the discretion to construe the terms of the Plan and to determine whether an Employee has incurred a Disability…." *Id.* at 49.

Allen also contends that the Magistrate Judge erred in finding that she is not entitled to discovery into Lilly's conflict of interest. (Filing No. 48 at 6.) "A conflict of interest exists when, 'as in this case, a plan administrator has both the discretionary authority to determine eligibility for benefits and the obligation pay benefits when due.'" *Geiger,* 845 F.3d at 364-65 (citation and quotation omitted). As the Magistrate Judge recognized, *Semien* presented a challenging barrier for plaintiffs seeking discovery on a conflict of interest allegation. The plaintiff must prove exceptional circumstances identifying a specific conflict of interest or misconduct and make a *prima facie* showing that there is good cause to believe limited discovery will reveal a procedural defect. *Id.* Following the Supreme Court's decision in *Glenn*, the Seventh Circuit recognized "a softening, but not a rejection, of the standard announced in *Semien*." *Dennison,* 710 F.3d at 747.

---

[1] The Magistrate Judge did not decide the standard of review for purpose of resolving the underlying claim. (Filing No. 47 at 4 at n.1.)

"Conflicts 'carry less weight when the insurer took active steps to reduce potential bias and to promote accuracy.'" *Geiger,* 845 F.3d at 365 (citation omitted).

Essentially, Allen contends that the Magistrate Judge erred in finding that Lilly reduced the weight of any conflict of interest by utilizing an independent medical evaluation as this constitutes only a single step announced in *Geiger* to minimize conflict. ([Filing No. 48 at 7](#).) Allen is correct that *Geiger* recognized multiple safeguards based on the facts of that case. However, the Seventh Circuit also recognized the overarching principle that "[t]rial courts retain broad discretion to limit and manage discovery under Rule 26 of the civil rules" particularly with regards to the plaintiff's request of discovery under a conflict of interest allegation in the ERISA context. *Geiger*, 845 F. 3d at 365. In any event, the Magistrate Judge also found that Allen had not made a sufficient showing entitling her to conflict discovery as her only suggestion that there was a conflict of interest is the fact that Lilly "paid Allen disability benefits for eight years before terminating them, allegedly without any showing of improvement." ([Filing No. 47 at 7](#).) Thus, Allen fails to show the Magistrate Judge's decision was clearly erroneous.

Allen also objects to the Magistrate Judge's denial of discovery regarding: "1) [Lilly's] affirmative defenses, 2) the standard of review, 3) administrative policies and procedures, and 4) the completeness of the administrative record." ([Filing No. 48 at 10](#).) While the Magistrate Judge did not permit Allen discovery into the completeness of the administrative record, he did require Lilly to "file an affidavit or declaration from an officer or employee with sufficient knowledge to affirm that the administrative record includes all '[d]ocuments, records, recordings, and other information relevant to [Allen's] claim or appeal for benefits.'" ([Filing No. 47 at 11](#).)

As previously noted, the standard of review is limited under the arbitrary and capricious standard. Allen contends that the Magistrate Judge erred in denying discovery into Lilly's

affirmative defenses as "[t]he Federal Rules permit parties to seek discovery 'regarding any nonprivileged matter that is relevant to a party's claim or defense.'" (Filing No. 48 at 10.) The Magistrate Judge found Allen's argument under Rule 26(b)(1) and accompanying case law unpersuasive under the limited arbitrary and capricious standard. (Filing No. 47 at 9.) ("Two of the cases she cites are not ERISA cases and merely discuss the principle that plaintiffs are entitled to discovery into affirmative defenses. . . . The third case is an ERISA case, but that court found the plaintiff was entitled to discovery under the Sixth Circuit's test, which allows discovery into "permitted areas of inquiry" when there is an inherent conflict of interest.") Lilly notes that Allen fails to explain how the Magistrate Judge's rejection of her cases was clear error in light of *Semien*, *Dennison*, and *Geiger's* ERISA discovery standards under arbitrary and capricious review. (Filing No. 51 at 6.)

Allen also objects to the Magistrate Judge's denial of discovery into the standard of review under a different and more nuanced theory, but as indicated above the EDL Plan's language unambiguously vests discretionary authority to the Committee to construe the terms and approve benefits.[2] In light of this discretionary authority, discovery is wholly unnecessary as Seventh Circuit case law requires an arbitrary and capricious standard of review in ERISA cases when the plan itself confers this authority. Allen has not shown the Magistrate Judge erred under the relevant framework.

Finally, Allen also objects to the Magistrate Judge's denial of discovery into Lilly's policies and procedures. Relying on *Boxell v. Plan for Group Ins. of Verizon*, the Magistrate Judge

---

[2] Allen's objection on the Magistrate Judge's denial of discovery into standard of review is based on Lilly's Amended Answer in which two affirmative defenses are based on the standard of review. (Filing No. 48 at 12.) Thus, Lilly's affirmative defenses also encompassed the standard of review. Allen is not entitled to discovery into Lilly's affirmative defenses or the standard of review in this case because the standard of review is sufficiently determined by the EDL Plan's language alone in this case. Moreover, the Committee exercised its conferred discretion by rendering a final determination on Allen's claim. (Filing No. 29-3 at 15-16.)

found that Allen's mere speculation that the administrative record was incomplete—thus, entitling her to discovery—is insufficient to show that relevant material is missing from the administrative record. (Filing No. 47 at 10.) (Quoting *Boxell,* 1:13-cv-89, 2013 WL 5230240, at *5-6 (N.D. Ind. Sept. 16, 2013). The Magistrate Judge recognized the reasonable part of Allen's request when he ordered Lilly to file an affidavit or declaration from an appropriate employee with sufficient knowledge that Allen had been provided with a complete administrative record. (Filing No. 47 at 11.) Moreover, the Magistrate Judge instructed that if Lilly could not make such affirmation, that they should "supplement the administrative record with relevant information as defined by 29 C.F.R. § 2560.5031(m)(8)." *Id.* Allen has not shown that she is entitled to any discovery under the arbitrary and capricious standard, nor has she shown that any of the Magistrate Judge's rulings were clearly erroneous or contrary to law.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Allen's Objections to the Magistrate Judge's Opinion and Order (Dkt 47) (Filing No. 48). Accordingly, the Motion to Compel (Filing No. 44) is **DENIED**. The Court further acknowledges that the Stay issued in Filing No. 43 has lifted.

**SO ORDERED.**

Date: 6/4/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew M. Grabhorn
GRABHORN LAW OFFICE PLLC
a.grabhorn@grabhornlaw.com

Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
m.grabhorn@grabhornlaw.com

Stephanie L. Boxell
FAEGRE BAKER DANIELS LLP (Indianapolis)
stephanie.boxell@faegrebd.com

Philip John Gutwein, II
FAEGRE BAKER DANIELS LLP (Indianapolis)
philip.gutwein@faegrebd.com